UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>Penny D. Goudelock,<br><br>Debtors.<br><br>Sixty-01 Association of Apartment Owners,<br><br>Plaintiffs,<br><br>v.<br><br>Penny D. Goudelock,<br><br>Defendant. | Case No. 11-12725-TWD<br><br>Adversary No. 15-01093<br><br>Chapter 13<br><br>RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

COMES NOW Penny D. Goudelock ("Goudelock") by and through her attorney of record, Christina L Henry of Henry, DeGraaff & McCormick, PS hereby responds to the Plaintiff Sixty-01 Association of Apartment Owners' ("Plaintiff") Motion for Summary Judgment.

**<u>FACTS</u>**

The facts in this case are not in dispute. Goudelock purchased her condominium commonly known as 13954 NE 60th Way # 101, Redmond, WA 98052 ("the Condo") in

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 1 of 9

February 2001 for $105,000. Declaration of Penny Goudelock in Support of Response to Summary Judgment (hereinafter "Goudelock Declaration") ¶ 2; Exhibit A to the Declaration of Joseph Baldridge in Support of Plaintiffs Motion for Summary Judgment (hereinafter "Plaintiff's Declaration), ¶ 5. The condominium association recorded its Declaration, Covenants, Conditions, Restrictions, and Reservations for Sixty-01 Condominiums in August 1978 against the Condo. Declaration of Joseph Baldridge in Support of Plaintiffs Motion for Summary Judgment (hereinafter "Plaintiff's Declaration), ¶ 9. Prior to her chapter 13 bankruptcy filing in 2011, Goudelock defaulted on her condominium dues and assessments and moved out of her unit. Since she was no longer living in the property, in her bankruptcy filing, Goudelock proposed an amended Chapter 13 plan that surrendered the deeds of trust for Citifinancial and Litton Loan on the Condo and the Condo lien with Sixty-01 Condominiums. Exhibit A to the Goudelock Declaration, ¶ 3. Shortly before plan confirmation, the condominium association obtained relief from stay, stating an intention to pursue its *in rem* foreclosure rights against the property alone. Exhibit A and B to the Declaration of Christina L Henry in Support of Response to Summary Judgment (hereinafter "Henry Declaration"), ¶ 3. Even though the Plaintiff filed a proof of claim regarding the obligations for post-petition assessments, the Plaintiff did not object to the chapter 13 plan's failure to provide for them. Exhibit C to the Henry Declaration, ¶ 4. On October 3, 2011 Goudelock's confirmed her chapter 13 plan. Exhibit D to the Henry Declaration, ¶ 5. A sheriff's sale completed on February 26, 2015 when the mortgage lender foreclosed on the property, extinguishing Sixty-01 Condominium's lien. Exhibit B to Plaintiff's Declaration, ¶ 6. On July 24, 2015 the Debtor completed her plan obligations and received a Chapter 13 discharge. Exhibit E to the Henry Declaration, ¶ 6.

/ /

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 2 of 9

## LAW AND ARGUMENT

**A. A Condominium Association's Right to Collect Post-Petition Assessments are Pre-Petition Claims that are Governed by the Bankruptcy Code**

This case revolves around whether a condominium association's claims under state law supersede a debtor's right to discharge under federal bankruptcy law in the absence of express statutory justification for it. While it is true under *Butner v United States*, 440 U.S. 48, 54 (1979) that Congress generally does not disturb state law determinations of property rights in the assets of a bankrupt's estate unless they conflict with the bankruptcy code, when a state law is inconsistent with the structure, purpose, and operation of the Code as a whole, it may *necessarily* be in conflict with the bankruptcy code. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98 (1992). Here, the court must determine whether the Code preempts state law when it does not contain an *express* provision making post-petition assessments dischargeable, but where dischargeability can be inferred.

The Preemption Doctrine arises out of a conflict between federal and state regulations that involve the Supremacy Clause of the United States Constitution. *MSR Exploration, Ltd v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (9th Cir 1996). Under this doctrine, state laws interfering with, or contrary to, federal law are preempted. *See Perez v. Campbell,* 402 U.S. 637, 652 (1971). The Supreme Court in *Fidelity Federal Sav. & loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152-53 (1982) explained that:

> "pre-emption may be either express or implied, and "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Absent explicit pre-emptive language, Congress' intent to supersede state law altogether may be inferred because "[t]he scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," because "the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 3 of 9

state laws on the same subject," or because "the object sought to be obtained by federal law and the character of the obligations imposed by it may reveal the same purpose."

*See also Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 137-38, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990).

While *all* state claims "related to bankruptcy" are not preempted by the Code, the Ninth Circuit has found that the preemption of substantive state law claims and remedies is presumed. *See MRS Exploration, Ltd. V. Meridian Oil, Inc.,* 74 F.3d 910 (9th Cir 1996). In *MRS Exploration*, the Ninth Circuit focused on three reasons justifying preemption. 74 F.3d at 912. First, federal courts have exclusive jurisdiction over bankruptcy matters, indicating Congressional intent to preempt state remedies. *MRS Exploration*, 74 F.3d at 912. Second, the comprehensive nature of the bankruptcy code is evidence that Congress intended it to encompass all actions that adjust "rights and duties of creditors and embarrassed debtors alike." *Id.* Third, preemption of state law claims furthers Congress's policy of creating uniformity in the bankruptcy code. Finally, allowing state court remedies could discourage entry in to the bankruptcy system. *Id.*

Even when the Code is silent on a particular issue, courts have used the reasoning in *MSR Exploration* to find that the Code's silence is not determinative. *See In re Miles*, 430 F.3d 1083, 1089-91 (9th Cir 2005). In *Miles*, the court looked to whether the bankruptcy code was an exclusive remedy for the recovery of damages flowing from an involuntary petition filed in bad faith even though §303(i) did not include an express remedy. 430 F.3d at 1089-1091. In its holding, the court noted that "[w]e do not hold [that] all state actions related to bankruptcy proceedings are subject to the complete preemption doctrine," but that "'[r]emedies and

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 4 of 9

sanctions for improper behavior and filings in bankruptcy court . . . are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important.'" *Id.* at 1092 (quoting *Koffman v. Osteoimplant Tech., Inc.,* 182 B.R. 115, 124 (D.Md.1995)). Like remedies and sanctions for improper behavior, the Code is not silent when it comes to the rights and duties of creditors and debtors. *See e.g.*, *Pennsylvania Dept. of Public Welfare* v. *Davenport,* 495 U. S. 552 (1990). Under this reasoning, there is a presumption that post-petition condominium assessments are governed by the bankruptcy code and that state law requiring payment of post-petition assessments is affirmatively preempted if the statutory definition of "claim" under 11 U.S.C. §101(5) is broad enough to define them as pre-petition enforceable obligations. *Davenport,* 495 U. S. at 558, 563-564.

Although state law determines the existence of a claim, the question of when a claim arises under the bankruptcy code is determined by federal law. *Zilog, Inc. v Corning*, 450 F.3d 996, 1000 (9th Cir 2006). A claim is ripe as an allowable claim in a bankruptcy proceeding even if it is a cause of action that has not yet accrued." *In re Cool Fuel, Inc.,* 201 F.3d 999, 1007 (9th Cir. 2000). The Ninth Circuit has adopted the "fair contemplation" test for determining when a claim accrues for the purposes of 11 U.S.C. §502(b). *Zilog,* 450 F.3d at 1000; *Cool Fuel,* 210 F.3d at 1007; *Jensen,* 995 F.2d 930, (9th Cir 1993). Under that test, a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law. *Cool Fuel,* 210 F.3d at 1007.

By starting with state law rather than federal law, the Plaintiffs ignore the broad definition of "claim" in the Ninth Circuit and ignore several steps of statutory analysis. To properly begin that analysis, courts looks to the language contained in the discharge provision under 11 U.S.C. § 1328(a) which states "... the court shall grant the debtor a discharge of all

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 5

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 5 of 9

*debts* ..." (emphasis added) with certain exceptions inapplicable here. *In re Coonfield*, 517 BR 239, 242 (Bankr. E.D. Wash. 2014). Section 101(12) of the Bankruptcy Code defines "debt" as a "liability on a claim." *Coonfield*, 517 BR at 242. In turn, section 101(5)(A) defines "claim" as "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id*. A "right to payment" is nothing more than an enforceable obligation without regard to the purposes or enforcement method created under state law. *Davenport*, .495 U. S., at 559. In short, the Code "contemplates that all legal obligations of the debtor [no matter how remote or contingent,] will be able to be dealt with in the bankruptcy case" *Davenport,* 495 U. S. at 558; see also *Ohio* v. *Kovacs,* 469 U. S. 274, 279 (1985). Generally in bankruptcy, all obligations that meet the definition of a "claim" are discharged unless there is an express exception under 11 U.S.C. § 523(a).

Notably, there is no exception to the discharge under 11 U.S.C. § 523(a) included in 11 U.S.C. § 1328(a) for post-petition condominium assessments. In contrast, under 11 U.S.C. § 727(a) which governs a discharge under chapter 7, the Code does include an express exception to the discharge under 11 U.S.C. § 523(a)(16) for post-petition condominium fees and assessments for as long as either the debtor or the trustee has "a legal, equitable, or possessory ownership interest in the property." 11 U.S.C. §523(a)(16). While all reported decisions interpret this provision as absolute, *Colliers* argues that the meaning is ambiguous and that the fees and assessments falling due after the order for relief are "initially nondischargeable while the debtor retains ownership of the condominium unit or share of the cooperative, but becomes dischargeable upon termination of the debtor's interest."8 *Collier on Bankruptcy* ¶ 523.24 (Alan N. Resnick & Henry J. Somme eds., 15th ed. 2005). If this interpretation of 11 U.S.C.

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 6 of 9

§523(a)(16) is correct, Congress' failure to incorporate any *express* treatment for post-petition condominium assessments into the discharge or plan provisions in Chapter 13 makes sense. Congress assumes that a Chapter 13 Plan will encompass either their continued ownership or surrender within the plan and the disposition of property itself will determine the discharge of the post-petition liability. 8 *Collier on Bankruptcy* ¶ 523.24.

Following the Ninth Circuit BAP in *In re Foster*, 435 B.R. 650, 659 (9th Cir BAP 2010), Plaintiffs ask this court to find that the debtor's obligation to pay on post-petition assessments arises from the debtor's property interest rather than from any contractual [or equitable remedy] and is thus not a claim subject to discharge in bankruptcy. In *Foster*, the Court interpreted section 101(5) of the Code to limit claims to pre-petition contracts [or equitable remedies]. 435 B.R. at 661. The Court also found that because it does not include an *express* treatment for post-petition condominium assessments in a chapter 13, the code does not preempt state law governing the condominium association's property interest. *Foster,* 435 BR at 661. But *Foster* is distinguishable here because the debtor in *Foster* wanted to keep the Condo but not pay the homeowner's dues and assessments. *Id.* In this case, the debtor vacated the property prepetition and her confirmed Chapter 13 plan provided for the surrender of all rights in the property to the homeowner's association and the mortgage lender. Since confirmation, the mortgage lender foreclosed on the property and the debtor fulfilled her plan obligations, receiving a Chapter 13 discharge.

Moreover, a plain reading of the statutory definition of a "claim" naturally lends itself to the interpretation that post-petition assessments are dischargeable under the Seventh Circuit *Rosteck* opinion. *In re Rosteck*, 899 F.2d 694, 696 (7th Cir 1990); *See also*, *In re Mattera*, 203 BR 565, 571 (Bankr D. N.J 1997). The Supreme Court has noted that Congress intended to adopt

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 7 of 9

the "broadest possible" definition of a "claim," and that the Code "contemplates that all legal obligations of the debtor, [no matter how remote or contingent,] will be able to be dealt with in the bankruptcy case." *Davenport,* 495 U.S. at 558, 110 S.Ct. at 2130 (quoting H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 309 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787). *See also Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). Under this reading, the Court's reasoning in *Foster* is faulty.

Congress intended the definition of "claim" to be broad, and the Ninth Circuit adopted a test to find that a claim *arises* when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet *accrued* under nonbankruptcy law. *Cool Fuel*, 210 F.3d at 1007. Rather than analyzing whether the existence of a cause of action is similar to the existence of a post-petition condominium assessment, the *Foster* court mistakenly limited the definition of a "claim" to a contract. *Foster*, 435 B.R. at 661. Thus, where a Chapter 13 debtor surrenders her property in a chapter 13 plan and no longer resides there, but still maintains a possessory interest through legal title, her continued "ownership" of the property makes her liable for post-petition assessments, rendering the bankruptcy code powerless to engender a fresh start.

At the time of the filing of debtor's Chapter 13 petition, the obligation of the debtor to Sixty-01 Condominiums for post-petition assessments was a contingent, unfixed, unmatured right to payment which constituted a "claim" and a "debt" for § 1328(a) discharge purposes, following *Rosteck*. 899 F.2d at 696. The claim was *contingent* upon the retention of ownership by the debtor, and the regular assessment of fees by the association. The claim was *not fixed* in terms of a certain and definite amount due at the time of the filing of the petition. The debt was

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

**HENRY, DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 8 of 9

*unmatured*: it would mature each month as assessments were made by the association. 11 USC § 101(5)(A).

To reject the obligation by the debtor to Sixty-01 Condominiums as of the date of the filing of the petition because it is not based in contract is to render meaningless and irrelevant the terms "contingent," "unliquidated", and "unmatured" in the statutory definition of the term "claim." 11 USC § 101(5)(A). Where the Ninth Circuit has found future claimants in the context of tort liability, environmental cleanup, taxes, and contingent insurance guarantees, to name just a few, it is an odd interpretation of statutory construction to find that homeowner's assessments are too remote. *See e.g. Cool Fuel,* 210 F.3d 999; *In re Hassanally*, 208 BR 46, 53 (9th Cir BAP 1997); *Jensen,* 995 F.2d 925; *See also*, *Grady v AH Robins Co*, 839 F.2d 198, 202 (4th Cir 1988)(the court found a contingent claim where the manifestation of injury from use of the Dalkon Shield was in the future even though a right to the immediate payment of money in the case arises when the acts constituting the tort have occurred prior to the filing of the petition….).

### III. CONCLUSION

Wherefore, the Defendant Penny Goudelock requests an order denying the Plaintiff's motion for Summary Judgment, denying the nondischargeability of any post-petition assessments and related amounts as discharged, thus preventing the Association from attempting to collect on them against the Defendant post discharge.

Dated this 12th day of August, 2015

Henry, DeGraaff & McCormick, PS

By: */s/ Christina L Henry*
Christina L Henry, WSBA#31273

RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 12    Filed 08/12/15    Ent. 08/12/15 20:54:57    Pg. 9 of 9