UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>Penny D. Goudelock,<br><br><br>Debtors.<br><hr>Sixty-01 Association of Apartment Owners,<br><br>Plaintiffs,<br><br>v.<br><br>Penny D. Goudelock,<br><br>Defendant. | Case No. 11-12725-TWD<br><br>Adversary No. 15-01093<br><br><br>Chapter 13<br><br>DECLARATION OF CHRISTINA L HENRY SUPPORT OF  IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

I, Christina L Henry hereby declare as follows:

1.     I am the attorney for the Plaintiff in the above referenced adversary proceeding and I have personal knowledge concerning all information in this declaration.

2.     I have reviewed the docket, claims and pleadings in defendant Penny D. Goudelock's Chapter 13 bankruptcy filing associated with this adversary proceeding.

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 1

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON  98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 1 of 21

3.      A copy of the Plaintiff's Motion for Relief from Stay is attached as Exhibit A and the Order Granting Relief from Stay is attached as Exhibit B.

4.      A copy of the Plaintiff's filed Proof of Claim is attached hereto as Exhibit C.

5.      A copy of the Order Confirming Defendant Penny D. Goudelock's plan on October 3, 2011 is attached hereto as Exhibit D.

6.      A copy of the Order granting Defendant Penny D. Goudelock's a Chapter 13 discharge is attached hereto as Exhibit E.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE ABOVE IS TRUE AND CORRECT.

Dated this 12th day of August, 2015

*/s/ Christina L Henry*
Christina L Henry

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 2

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 2 of 21

# EXHIBIT A

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 3

HENRY, DeGraaff & McCormick, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 3 of 21

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

PENNY D. GOUDELOCK,

                 Debtor.

Chapter 13
Case No. 11-12725

MOTION FOR RELIEF FROM
AUTOMATIC STAY

       COMES NOW Secured Creditor Sixty-01 Association of Apartment Owners, a Washington non-profit corporation ("Association"), and hereby moves this Court for relief from the automatic stay in the above-referenced case to allow it to foreclose its lien for delinquent condominium common expense assessments against Debtor's real property.  This Motion is based on the following Memorandum of Points and Authorities, the Zimmerman Declaration, the Debtors' Bankruptcy Petition and all other documents and pleadings filed in this case.

BACKGROUND OF ARREARS AND CREDITOR'S LIEN

       1.     The Association seeks relief from stay to foreclose its lien for condominium common expense assessments against Unit 101 of Sixty-01, a Condominium, which real property is located at 13954 NE 60th Way #101, Redmond, WA 98052, and is legally described on Exhibit A, attached hereto and incorporated herein by reference (the "Unit").  Debtor Penny D. Goudelock ("Goudelock") acquired the Unit by deed recorded in the records of King County,

LAW OFFICES OF JAMES L. STRICHARTZ
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

MOTION FOR RELIEF
FROM STAY  - 1
W:\docs\client\a07\09a07-39\00190123.WPD

Washington on February 16, 2001, under Recording No. 20010216000300.

2. The Association is a non-profit corporation duly organized for administration of the common areas of Sixty-01, a condominium, and the enforcement of the terms of the Declaration. The Association was created under the terms of the Condominium Declaration for Sixty-01 recorded in the records of King County, Washington under Recording No. 7808300899, as thereafter amended of record, (hereinafter referred to as the "Declaration"), Volume 23 of Condominiums, at Pages 34 through 53, inclusive, as thereafter amended of record.

3. As owners of a Unit, Debtor is legally bound to abide by all provisions of the Declaration, including payment of all amounts assessed thereunder.

4. Under the Declaration, the Board of the Association has the right to levy assessments for the Association's common expenses against homeowners, and each homeowner is obligated to pay such assessments and a proportionate share of common expenses.

5. The Association exists to secure, preserve, and enhance the value of the Units for the benefit of all homeowners, including the Debtor. Assessments are levied in order to, among other things, pay for maintenance, insurance and operation of the common areas. The Association's budget is prepared on the assumption that each owner will timely pay his or her assessments to the Association. In the event of non-payment by an owner, other owners must make up the difference. Thus, the Association is an involuntary creditor in this case.

6. The Debtor's present regular assessment is currently $388.46 per month, due on the first day of each month. As of August 1, 2011, $20,831.79 was due under the Association's lien; said figure is not a payoff quote of all amounts presently due and may not be used for such purpose. Debtor has been in default in payment of assessments to the Association since March 1, 2008. Additional fees and costs have accrued to bring the instant motion.

7. Pursuant to the Declaration, the Association has an automatic lien on the property to secure the payment of all assessments.

8. Pursuant to RCW 64.34.364(2), the Association's lien is not subject to the Debtor's state law homestead exemption.

9. The Association's claim is a secured claim, and pursuant to 11 U.S.C. §506(b), the Association is entitled to allowance of interest and any reasonable attorneys fees, costs or

LAW OFFICES OF JAMES L. STRICHARTZ
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

charges accruing pursuant to Section 17.1 of the Declaration, and RCW 64.34.364 (13) and (14).

THE ASSOCIATION'S LIEN IS NOT ADEQUATELY PROTECTED.

10.   The Association's lien is not adequately protected.  Debtor's Schedule D values the property at $156,000.00, which the Association reserves the right to dispute.  Per said Schedule, there are also two deeds of trust encumbering the subject Unit with balances of $156,349.92 (per said creditor's pending motion for relief from stay) and $54,832.00 (per Debtor's Schedule D), respectively; the total secured claims against the Unit total at least $231,181.92; said figure does not include any accumulating interest or other charges secured by those deeds of trust or future unpaid assessments or other charges levied by the Association that continue to come due.

11.  Debtor's proposed Chapter 13 Plan provides for surrender of the Unit to the Association.

## POINTS AND AUTHORITIES

**I.     LACK OF ADEQUATE PROTECTION JUSTIFIES RELIEF FROM STAY.**

**A.     Constitutional Test of Adequate Protection.**

Under the provisions of 11 U.S.C. Section 362(d)(1), lack of adequate protection is a  wholly sufficient ground for granting relief from the automatic stay.  The fundamental constitutional underpinnings of the Bankruptcy Code require that creditors be given adequate protection for their interests.  Failure to do so constitutes a "taking" by depriving secured creditors of the benefit of their bargain.  Such deprivation is in violation of the Fifth Amendment of the Federal Constitution.  To avoid constitutional infirmity, secured creditors must be provided a method to assure payment that is at least as good as that provided for in the agreement between the debtor and creditor.  In re Paradise Boat Leasing Corp., 1 C.B.C. 2d 413 (SC VA 1979).

The Association contends here that the continuously increasing post-petition Association assessments arrearage  makes prompt sale of the Unit the only viable form of adequate protection available under the circumstances.   Alternative methods provided for by the Federal Bankruptcy Code are unfeasible or constitutionally infirm.

**A.     The Alternative Bankruptcy Code Means of "Adequate Protection" Are Not Sufficient in this Case.**

LAW OFFICES OF JAMES L. STRICHARTZ
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

Section 361 of the Bankruptcy Code provides three statutory methods of adequate protection:

> (1) Cash payments to the extent of decrease in the value of creditor's interest in the Unit through continuance of the stay;
>
> (2) Additional or replacement liens to the extent of decrease in value of the security through continuance of the stay;
>
> (3) Other relief providing the creditor with the indubitable equivalent of its interest in the Unit.

Only relief from the stay and conduct of sale will meet the constitutional standard of adequate protection.

The Debtor has continued to accrue post-petition arrearages in Association assessments by making no payments whatsoever. Additional or replacement liens are not feasible either. There simply is not enough property in the estate to cover the accruing arrearage for the period remaining on the Plan. The only remedy which can realistically afford the Association adequate protection is the power of sale in order to realize on its security.

### B. Debtor Has Failed to Meet the Burden of Proof.

Under 11 U.S.C. Section 362(g)(2) Debtor has the burden of proving that a viable and credible form of adequate protection exists. Debtor has failed to meet his burden in this regard, as there is no proposed amended plan that provides any method for resolving the serious *post-petition* arrearages due the Association.

## II. RELIEF FROM STAY IS JUSTIFIED FOR "CAUSE" UNDER 11 U.S.C. SECTION 362(d)(1).

### A. Standard for Relief for "Cause".

11 U.S.C. Section 362(d)(1) provides that the automatic stay imposed in this case may be terminated, annulled, modified or conditioned for "cause." The Code does not define "cause", but courts have delineated various circumstances in which the standard has been met:

> (1) Where the commensurate benefits to the estate outweigh the disruption to administration of the estate from allowing the action to proceed. In re Curtis, 11 B.C.D. 1256 (UT 1979).

LAW OFFICES OF JAMES L. STRICHARTZ
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

MOTION FOR RELIEF
FROM STAY - 4
W:\docs\client\a07\09a07-39\00190123.WPD

(2)    Where debtor has resorted to delaying tactics or misconduct. <u>In re GSUC Restaurant Corp.</u>, 1 C.B.C. 2d 990, (SD NY 1980); <u>In re Victory Construction Co., Inc.</u>, 7 B.C.D. 257 (CA CA 1981).

(3)    Where debtor has shown lack of good faith in filing the petition. <u>In re Victory Construction Co., Inc.</u>, supra.

(4)    Failure of Debtor to make payments due under creditor's purchase contract, even if equity exists in the Unit. <u>In re Pelzer</u>, 5 C.B.C. 2d 579 (ED PA 1981).

**B.**    **<u>Cause Exists in This Case.</u>**

As reflected in the Declaration in Support of this Motion, Debtor has remained in default on her assessment obligations since March 1, 2008, over 3 years. Cause exists for granting relief from the automatic stay, for the same reasons stated above, and restated here:

1. Failing to get confirmation of any plan after over 5 months since filing this bankruptcy petition;

2. Failing to provide adequate protection for the Association's lien pending any proposal of a further plan;

3. Failing to keep the post-petition payments due the Association current.

Cause exists for granting relief from the automatic stay. The Debtor has abused the bankruptcy code.

**C.**    **<u>Burden on Debtor to Counter Prima Facie Showing With Proof.</u>**

Under 11 U.S.C. Section 362(g)(2), once the Association has made a prima facie showing that cause exists, Debtor must meet the burden of proof to preclude granting relief from stay. The Association has submitted facts and supporting documents to establish its prima facie case. The Debtor has not and cannot meet her burden of proof. Relief from stay should be granted.

**III.**    **<u>REQUEST FOR PROSPECTIVE RELIEF AS TO SUBJECT UNIT</u>**

The Association respectfully requests that relief from automatic stay be prospective in

**LAW OFFICES OF JAMES L. STRICHARTZ**
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

MOTION FOR RELIEF
FROM STAY - 5
W:\docs\client\a07\09a07-39\00190123.WPD

nature, specifically applicable to the Unit and apply to any bankruptcy filing by any person or entity claiming an interest in the Unit. The Association requests that any relief granted be effective immediately and not subject to FRBP 4001(a)(3) and be binding in any conversion of this case.

RESPECTFULLY SUBMITTED this 12th day of August, 2011.

LAW OFFICES OF JAMES L. STRICHARTZ

_/s/ Michael A. Padilla____
Michael A. Padilla, WSBA No. 26284
Attorneys for Secured Creditor Sixty-01
Association of Apartment Owners, a Washington
non-profit corporation

**LAW OFFICES OF JAMES L. STRICHARTZ**
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

MOTION FOR RELIEF
FROM STAY - 6
W:\docs\client\a07\09a07-39\00190123.WPD

# EXHIBIT B

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 4

HENRY, DeGraaff & McCormick, P.S.
1833 N 105th St, Ste 203
Seattle, Washington 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 10 of 21

Judge Timothy W. Dore
Seattle, Room 8106

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

PENNY D. GOUDELOCK,

                    Debtor.

Chapter 13
Case No. 11-12725

ORDER FOR RELIEF FROM STAY RE:
SIXTY-01 ASSOCIATION OF
APARTMENT OWNERS, A
WASHINGTON NON-PROFIT
CORPORATION

THIS MATTER having regularly come on for hearing before the undersigned Judge of the above-entitled Court, on the Motion and Declaration for Relief from Stay by Secured Creditor Sixty-01 Association of Apartment Owners, a Washington non-profit corporation ("Association"), and the Court having considered the Motion, Declaration, any opposition thereto, the Court file and arguments of counsel, if applicable, and deeming itself fully advised in the premises, now, therefore, it is hereby

ORDERED, that

(1) the Association is granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to pursue its state remedies to enforce its security interest and take any action thereunder, including but not limited to any eviction proceedings following any foreclosure sale, or to accept any deed in lieu of foreclosure thereof, with regard to the subject real property, to wit, 13954 NE 60th Way #101, Redmond, WA 98052, legally described as Unit 101, Building 118, of Sixty-01, a Condominium, according to Declaration thereof recorded under King County Recording

ORDER FOR RELIEF FROM STAY
- 1

W:\docs\client\a07\09a07-39\00190124.WPD

LAW OFFICES OF JAMES L. STRICHARTZ
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

No. 7808300899, and any amendments thereto, said Unit is located on Survey Map and Plans filed in Volume 23 of Condominiums, at pages 34 through 53, in King County, Washington;

(2) this order shall continue in force under any chapter of the Bankruptcy Code that this case may be converted to, and enforcement of the order is not stayed under BR 4001; and

(3) this order shall continue in force notwithstanding any subsequent confirmation of any Chapter 13 Plan containing any conflicting provisions therein.

DATED this _____ day of September, 2011

_____
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

Presented by:

LAW OFFICES OF JAMES L. STRICHARTZ

__/s/ Michael A. Padilla___
Michael A. Padilla, WSBA No. 26284
Attorneys for Secured Creditor
Sixty-01 Association of Apartment Owners, a
Washington non-profit corporation

ORDER FOR RELIEF FROM STAY
- 2

W:\docs\client\a07\09a07-39\00190124.WPD

**LAW OFFICES OF JAMES L. STRICHARTZ**
201 QUEEN ANNE AVENUE NORTH,SUITE 400
SEATTLE, WASHINGTON 98109-4824
(206) 388-0600
FAX (206) 286-2650

# EXHIBIT C

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 5

HENRY, DeGraaff & McCormick, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 13 of 21

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

PROOF OF CLAIM:
[ ]Ch 7 [X]Ch 13 [ ]Ch 11

Name of Debtor:
Penny D. Goudelock

Bankruptcy Case No.: 11-12725

## A. CREDITOR INFORMATION
*(The creditor is the person or other entity to whom the debtor owes money or property)*

Name and address of Creditor:

**Sixty-01 Association of Apartment Owners**
**c/o Law Offices of James L. Strichartz**
**201 Queen Anne Avenue N., Suite 400**
**Seattle, WA 98109**
**(206)388-0600**

Number by which creditor identifies debtor:
09A07-39

[X] Check box if you never received any notices from the bankruptcy court in this case.

[ ] Check box if this address differs from the address on the envelope sent to you by the court.

[ ] Check and attach copy of assignment if claim has been assigned to you.

Check here if this claim     [ ] Replaces

[ ] Amends a previously filed claim dated:

[ ] Supplements

## B. CLAIM INFORMATION

1.  BASIS FOR CLAIM: **Common expense assessments pursuant to Section 19.1, of the Declaration for Sixty-01 Condominium**

2.  DATE DEBT WAS INCURRED:
    **Assessments continue to accrue at the monthly rate of $388.46.**

3.  CLASSIFICATION OF CLAIM: Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured non-priority, (2) Priority, (3) Secured.  It is possible for a claim to be partly in one category and partly in another - such as a wage claim which may be a priority claim for the first $2,000.00 and an unsecured non-priority claim for the balance.  Classify the nature of the claim by CHECKING THE APPROPRIATE BOX OR BOXES which you believe best describe the claim. STATE THE AMOUNT OF THE CLAIM.

    [ ] UNSECURED NON-PRIORITY CLAIM: For the purposes of this form, a claim is unsecured if there is no collateral, or to the extent the value of collateral is less than the amount of the debt.

    [X] SECURED CLAIM:
    Attach evidence of perfection of security and brief description of collateral.
    **Section 19.1, of the Declaration for Sixty-01 Condominium**

    [ ] PRIORITY CLAIM:
    Specify the priority of the claim by checking the appropriate box(es)
    [ ] Wages, salaries or commissions (up to $2,000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier) 11 U.S.C. §507(a)(3)
    [ ] Contributions to an employee benefit plan 11 U.S.C. §507(a)(4)
    [ ] Up to $900 of deposits toward purchases, lease or rental of property or services for personal family or household use 11 U.S.C. §507(a)(6)
    [ ] taxes or penalties of government units 11 U.S.C. §507(a)(7)
    [ ] Other specify:

4.  TOTAL AMOUNT OF CLAIM:
    $00.00 + **$18,780.39** + $00.00 = **$18,780.39** (Assessments continue to accrue at rates specified above)
    (unsecured)      (secured)      (priority)

5.  Attach copies of documents in support of this claim such as purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interest, If the documents are not available, explain./ If the documents are voluminous, attach a summary. **Deed, Declaration excerpt and account ledger attached**

6.  This form should not be used to make a claim for expenses incurred after the filing of the bankruptcy petition. Such expenses may be paid only upon proper application and notice pursuant to 11 U.S.C. §503.

7.  CREDITS AS SETOFFS: Attach an itemization of all amounts and dates of payments which have been credited against the debt.  Set forth any setoff or counterclaim which the debt may have against you claim.

8.  To receive an acknowledgment of the receipt of your claim, enclose a stamped, self addressed envelope and a copy of your claim.

## C. CERTIFICATION

The undersigned certifies under penalty of perjury that the debtor named above is indebted to the claimant in the amount shown, that there is no security for the debt other than that stated above or in an attachment to this form, that no unmatured interest is included and that the undersigned is authorized to make this claim.

Date: April 19, 2010     ___/s/ Michael A. Padilla_____
                              Michael A. Padilla, WSBA #26284, Attorney for Claimant

Judge: Timothy W. Dore

Chapter: 13

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re: | IN CHAPTER 13 PROCEEDING NO. 11-12725 |
| PENNY D. GOUDELOCK | |
| | ORDER CONFIRMING CHAPTER 13 PLAN |
| Debtor. | |

**This Matter** having come on for hearing this date before the undersigned bankruptcy Judge, and the Court having heard the arguments, if any, for and against confirmation of the plan proposed herein, and having heard the Trustee's recommendations concerning the plan, the Court does therefore hereby ORDER:

1. That subject to the terms of this order, the plan proposed by the debtor dated 09-14-11 is hereby confirmed;

2. That original attorney fees are set in the amount of $3,500.00;

3. That the debtor shall incur no additional debt except after obtaining prior Court permission;

4. That the debtor shall inform the Trustee of any change in circumstances, or receipt of additional income, and shall further comply with any requests of the Trustee with respect to additional financial information the Trustee may require;

5. That the Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. section 586(e);

6. That during the pendency of the plan hereby confirmed, all property of the estate, as defined by 11 U.S.C. section 1306(a), shall remain vested in the debtor, under the exclusive jurisdiction of the Court, and further, that the debtor shall not, without specific approval of the Court, lease, sell, transfer, encumber or otherwise dispose of such property;

7. That all disposable income received by the debtor beginning on the date the first payment is due under the plan shall be applied as payments under the plan pursuant to 11 U.S.C. section 1325(b)(1)(B), unless the Court orders otherwise.

Dated: October 3, 2011

_____
Timothy W. Dore, Judge

Presented by:

# EXHIBIT D

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 6

HENRY, DeGraaff & McCormick, P.S.
1833 N 105th St, Ste 203
Seattle, Washington 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 16 of 21

# EXHIBIT E

DECLARATION OF CHRISTINA L HENRY IN SUPPORT OF
RESPONSE TO MOTION FOR SUMMARY JUDGMENT - 7

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N 105TH ST, STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 324-6677

Case 15-01093-TWD    Doc 13    Filed 08/12/15    Ent. 08/12/15 21:03:37    Pg. 17 of 21

United States Bankruptcy Court
Western District of Washington

In re:
Penny D Goudelock
         Debtor

Case No. 11-12725-TWD
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0981-2          User: admin          Page 1 of 2          Date Rcvd: Jul 24, 2015
                            Form ID: b18w         Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 26, 2015.
```
db            Penny D Goudelock,    11151 Luther Ave S,    Seattle, WA  98178-2835
sr           +Litton Loan Servicing, LP,    PO Box 829009,    Dallas, TX 75382-9009
953136102    +AES/PHEAA,    PO BOX 8183,    HARRISBURG, PA 17105-8183
953082627    +Aes/Suntrust Bank,    Po Box 2461,    Harrisburg, PA 17105-2461
953212660     CitiFinancial, Inc.,    P.O. Box 70919,    Charlotte, NC 28272-0919
953082632    +Citifinancial,    300 Saint Paul Pl,    Baltimore, MD 21202-2120
953236076     ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
953082633    +Law Off of James L. Strichartz,    201 Queen Anne Ave N Ste. 400,    Seattle, WA 98109-4824
953082634    +Litton Loan,    4828 Loop Central,    Houston, TX 77081-2166
953139942     Litton Loan Servicing LP,    P. O. Box 829009,    Dallas, Texas 75382-9009
953082635    +Money Tree, Inc,    528 Rainier Ave S,    Renton, WA 98057-2443
953097033    +Moneytree, Inc.,    PO Box 58363,    Seattle, WA 98138-1363
953095276    +Northstar Capital Acquisition,    170 Northpointe Pkwy,    Suite 300,    Amherst, NY 14228-1992
953082637   ++STELLAR RECOVERY INC,    1327 US HIGHWAY 2 WEST,    STE 100,    KALISPELL MT 59901-3413
              (address filed with court: Stellar Recovery Inc (Original Cred,    1845 Highway 93 South,
              Kalispell, MT 59901)
953082636    +Sixty-01 Assoc. of Apt. Owners,    6001 140th Ave NE,    Redmond, WA 98052-9700
953165396    +Sixty-01 Association of Apartment Owners,    c/o Law Offices of James L. Strichartz,
              201 Queen Anne Ave. N #400,    Seattle, WA 98109-4824
953082638    +Zenith Acquisition C (Original Cred,    170 North Pointe Parkway,    Amherst, NY 14228-1991
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          +EDI: IRS.COM Jul 24 2015 23:58:00      Internal Revenue Service,    915 2nd Avenue MS W244,
              Seattle, WA 98174-1007
smg           EDI: WADEPREV.COM Jul 24 2015 23:58:00      State of Washington,    Department of Revenue,
              2101 4th Ave, Ste 1400,    Seattle, WA  98121-2300
cr           +EDI: ECMC.COM Jul 24 2015 23:58:00      ECMC,    PO Box 75906,    St. Paul, MN 55175-0906
953082628    +EDI: BANKAMER2.COM Jul 24 2015 23:58:00      Bank Of America,    201 N Tryon St,
              Charlotte, NC 28202-1331
953210450    +EDI: BANKAMER.COM Jul 24 2015 23:58:00      Bank of America, N.A.,    P. O. Box 26012,
              NC4-105-03-14,    Greensboro, NC 27420-6012
953082629     EDI: CAPITALONE.COM Jul 24 2015 23:58:00      Cap One,    Po Box 85520,    Richmond, VA 23285
953082630    +EDI: CHASE.COM Jul 24 2015 23:58:00      Chase,    201 N Walnut Street,
              Wilmington, DE 19801-2920
955303030    +EDI: RESURGENT.COM Jul 24 2015 23:58:00      LVNV Funding, LLC,    c/o Resurgent Capital Services,
              Po Box 10587,    Greenville, SC 29603-0587
953194986    +EDI: OPHSUBSID.COM Jul 24 2015 23:58:00      OAK HARBOR CAPITAL II LLC,
              C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
                                                                                    TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
953082631     Chong Goudelock
cr*           LVNV Funding LLC,    c/o Resurgent Capital Services,    PO Box 10587,
              Greenville, SC  29603-0587
sr*          +Sixty-01 Association of Apartment Owners,    c/o Law Offices of James L. Strichartz,
              201 Queen Anne Ave. N #400,    Seattle, WA 98109-4824
                                                                        TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 26, 2015                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 24, 2015 at the address(es) listed below:
          Christina L Henry    on behalf of Defendant Penny D Goudelock mainline@hdm-legal.com,
            hdmecf@gmail.com
          Christina L Henry    on behalf of Debtor Penny D Goudelock mainline@hdm-legal.com,
            hdmecf@gmail.com
          K Michael Fitzgerald    courtmail@seattlech13.com
          Michael A Padilla    on behalf of Special Request    Sixty-01 Association of Apartment Owners
            mike@condo-lawyers.com,
            rick@condo-lawyers.com;lojlsecf@gmail.com;reception@condo-lawyers.com;carolyn@condo-lawyers.com
          Michelle R Riel    on behalf of Creditor    HSBC Bank USA, National Association ecf@rcolegal.com
          Michelle R Riel    on behalf of Special Request    Litton Loan Servicing, LP ecf@rcolegal.com
          Stephen M Smith    on behalf of Plaintiff    Sixty-01 Association of Apartment Owners
            stephen@condolaw.net
          United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
                                                                                      TOTAL: 8

# United States Bankruptcy Court

### Western District of Washington
700 Stewart St, Room 6301
Seattle, WA 98101
### Case No. <u>11−12725−TWD</u>
### Chapter 13

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Penny D Goudelock
    11151 Luther Ave S
    Seattle, WA 98178−2835

Social Security/Individual Taxpayer ID No.:
    xxx−xx−5598

Employer Tax ID/Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 case on <u>**March 11, 2011.**</u> It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 1328(a).

BY THE COURT

Dated: <u>July 24, 2015</u>               <u>Timothy W Dore</u>
                                 United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**